**Aaron JOHNSON, Petitioner,**

v.

**SO OTHERS MIGHT EAT, INC., Respondent.**

**No. 11–AA–352.**

District of Columbia Court of Appeals.

Argued April 19, 2012.
Decided Sept. 27, 2012.

---

Eric J. Harter, with whom J. Kearney Shanahan was on the brief, for petitioner.

Mitchell A. Mosvick with whom Neal D. Mollen, Washington, DC, and Claire Deason were on the brief, for respondent.

Before GLICKMAN and BLACKBURNE–RIGSBY, Associate Judges, and BELSON, Senior Judge.

BLACKBURNE–RIGSBY, Associate Judge:

Petitioner Aaron Johnson seeks review of a Final Order concluding that he was discharged by respondent So Others Might Eat, Inc., ("SOME") for gross misconduct.[1] Because SOME failed to establish any nexus between petitioner's conduct and his employment with SOME, we conclude that petitioner's conduct did not amount to gross or simple misconduct. Therefore, we reverse the Office of Administrative Hearings' ("OAH") Order reaching a contrary conclusion and remand with instructions to enter an order awarding unemployment compensation benefits.

## I.

Petitioner began working for SOME in December 2006 as a security guard. On November 9, 2010, petitioner, along with other SOME employees on his shift, were tested for drugs because a bag of marijuana was found on the premises the day before. Petitioner tested positive for marijuana, the results were confirmed two days later by an independent laboratory, and he was terminated on November 15, 2010.[2]

A claims examiner denied petitioner's claim for unemployment compensation benefits and he appealed the determination to an Administrative Law Judge ("ALJ"). At an evidentiary hearing, SOME's Human Resources Director, Shannon Leftwich, explained that petitioner was discharged for "positive drug tests, and not for possession of marijuana on [SOME's] property." Additionally, SOME submitted into evidence a copy of its workplace drug policy, which prohibits drug use

---

1. See D.C.Code § 51–110(b)(1) (2001) and 7 DCMR § 312.3 (1986).

2. Other employees whose test results were positive were treated in the same manner: they were suspended when the initial results returned positive and terminated after the positive test results were confirmed by an independent laboratory. However, one of these employees, John Carrington, was granted unemployment compensation benefits, despite the fact that the circumstances of his termination were virtually the same as petitioner's. See Carrington v. So Others Might Eat, Inc., No. 2011–DOES–182 (D.C. OAH June 10, 2011).

and possession of controlled substances on SOME's premises or in SOME's vehicles. SOME's drug policy does not explicitly prohibit off-premises drug use or possession unless it affects work performance or workplace safety.[3] SOME did not present any evidence that petitioner used drugs on SOME's premises or that his work performance failed to meet SOME's standards. However, the ALJ denied petitioner unemployment benefits, finding that his testing positive for marijuana constituted gross misconduct because it violated the employer's drug-free workplace policy and it constituted "use" of a controlled substance, which 7 DCMR § 312.4(i) lists as an example of an act that may constitute gross misconduct. Petitioner seeks review of the ALJ's order.

## II.

Petitioner contends his conduct did not amount to gross misconduct. We agree. When reviewing a decision of the OAH, we look to determine whether "(1) [the ALJ] made findings of fact on each materially contested issue of fact, (2) substantial evidence supports each finding, and (3) [the ALJ's] conclusions flow rationally from its findings of fact." *Badawi v. Hawk One Sec., Inc.*, 21 A.3d 607, 613 (D.C.2011) (citation and internal quotation marks omitted; brackets in original). We defer to the ALJ's factual findings if they are supported by substantial evidence, but legal conclusions, including whether a fired employee's conduct constitutes misconduct, are reviewed *de novo. Odeniran v. Hanley Wood, LLC*, 985 A.2d 421, 424 (D.C. 2009).

The unemployment compensation scheme was "designed to protect employees against economic dependency caused by temporary unemployment and to reduce the need for other welfare programs." *The Wash. Times v. District of Columbia Dep't of Emp't Servs.*, 724 A.2d 1212, 1216 (D.C.1999). Because of the humanitarian purpose of the statute, a terminated employee is presumed to be entitled to unemployment compensation benefits, unless his termination was the result of misconduct. D.C.Code § 51–110(b); *The Wash. Times, supra,* 724 A.2d at 1216; 7 DCMR § 312.1. An employee terminated for misconduct is ineligible for immediate benefits and the length of ineligibility depends on the severity of the misconduct. *The Wash. Times, supra,* 724 A.2d at 1217. "In determining whether an employee has engaged in disqualifying misconduct, [we] cannot simply inquire whether the employer was justified in his decision to discharge the employee." *Jadallah v. District of Columbia Dep't of Emp't Servs.*, 476 A.2d 671, 675 (D.C.1984). Instead, we must look to the statutory definition of misconduct, which differentiates between gross misconduct and other than gross (or simple) misconduct. *See* D.C.Code § 51–110(b)(1) & (2). A finding of gross misconduct carries a more severe penalty (*i.e.* longer period of ineligibility) than a finding of simple misconduct. *See id.* The regulations define gross misconduct as "an act which deliberately or willfully violates the employer's rules, deliberately or willfully threatens or violates the employer's interests, shows a repeated disregard for the employee's obligation to the employer, or disregards standards of behavior which an employer has a right to expect of its employee." 7 DCMR § 312.3. Simple misconduct, by contrast, includes "acts where the

---

3. The relevant policy provision states: "SOME's policy prohibits the following: ... (5) illegal possession, use, manufacture, distribution, dispensation or sale of controlled substances off SOME's premises *that adversely affects the individual's work performance, his own or others' safety at work.*" (Emphasis added.)

severity, degree, or other mitigating circumstances do not support a finding of gross misconduct." *Id.* § 312.5. The burden is ultimately on the employer to prove misconduct, and misconduct will not be presumed. *See Hamilton v. Hojeij Branded Food, Inc.*, 41 A.3d 464, 473 (D.C. 2012); 7 DCMR §§ 312.2 & 312.8.

■ Here, we conclude that SOME did not meet its burden to prove misconduct—gross or simple—because it failed to establish that petitioner's conduct had any connection to his employment. The unemployment compensation statute disqualifies employees from benefits only if they engage in misconduct "*occurring in the individual's most recent work.*" D.C.Code § 51–110(b)(1) & (2) (emphasis added); *see also* 7 DCMR § 312.1 (reiterating that "any individual discharged for misconduct occurring in his/her most recent work" shall be disqualified from receiving benefits). The language of the statute and its regulations does not require that the misconduct occur *at* work, *see District of Columbia Dep't of Mental Health v. Hayes*, 6 A.3d 255, 260 (D.C.2010),[4] however, the fact that the statute specifies "misconduct occurring in the individual's most recent work" indicates that in order to be disqualifying conduct, there must be some connection or relationship between the petitioner's off-duty behavior and his work. *See* 10 SHAW & ROSENTHAL LLP, LABOR AND EMPLOYMENT LAW § 266.04[8][h] (2010) ("The central issue in most [unemployment compensation] cases [regarding off-the-job

misconduct] is whether the employee's off-duty misconduct has a reasonable and discernible effect on the employers' ability to carry on its business, or on the employee's ability to perform his or her duties."). Absent some nexus between the alleged misconduct and the employment, there can be no finding of disqualifying misconduct, gross or simple, under D.C.Code § 51–110(b).

■ Here, there was no nexus between petitioner's conduct—off-premises drug use—and his employment. Our decision in *Hayes* is instructive on this point. In *Hayes* the employee had been convicted of drug possession outside of work, and we noted that a drug conviction "constitute[d] gross misconduct regardless of where the conduct occurred." *Id.* However, the facts of the case indicated that the employee's drug conviction rose to the level of disqualifying misconduct under the statute because the effects of his drug conviction on his employment were apparent, creating a nexus between his conduct and his employment. Hayes had a history of poor work performance due to his substance abuse and his employer was concerned that he "would not be a proper role model for patients trying to recover." *Id.* at 256–57. Also, as a result of the conviction, he missed approximately two months of work. *Id.* at 259. Hayes' drug conviction had palpable effects on his employment. Such is not the case here, where SOME did not allege any discernible effect on its business or nexus between petitioner's off-duty

---

4. In *Hayes*, we explained that:
   [N]othing in the language of the statute says that misconduct that disqualifies one from obtaining unemployment benefits must take place at work. The question, rather, is whether the employee was fired for "an act which deliberately or willfully violates the employer's rules, deliberately or willfully threatens or violates the employer's interests, shows a repeated disregard for the

employee's obligation to the employer, or disregards standards of behavior which an employer has a right to expect of its employee." 7 DCMR § 312.3. To be sure, acts that take place outside of work often will not meet this standard. But nothing in law or logic says that acts that occur outside of work can never constitute gross misconduct.
   *Hayes, supra,* 6 A.3d at 260.

drug use and his work performance or the employer's ability to carry out its business. Petitioner did not use drugs at work, the drug paraphernalia found did not belong to him, his work performance was not affected, and there was no allegation that he compromised the safety of others. Petitioner's off-duty drug use, though illegal, occurred in his home and had no discernible connection to his employment. SOME failed to establish any nexus between petitioner's off-duty drug use and his employment, thus petitioner's misconduct does not rise to the level of gross or simple misconduct "occurring in [his] ... work." D.C.Code § 51–110(b)(1) & (2).

### III.

Therefore, due to the lack nexus establishing that petitioner engaged in gross or simple misconduct, we conclude that petitioner's act did not amount to disqualifying misconduct under D.C.Code § 51–110(b)(1) & (2). Accordingly, we reverse and remand to the OAH with instructions to enter an order granting petitioner unemployment compensation benefits.

*So ordered.*